736 S.E.2d 273

In the Matter of John L. DRENNAN, Respondent.

Appellate Case No. 2012–213263.

No. 27205.

Supreme Court of South Carolina.

Submitted Dec. 19, 2012.

Decided Dec. 28, 2012.

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, of Columbia, for Office of Disciplinary Counsel.

Harvey M. Watson, III, of Ballard Watson Weissenstein, of West Columbia, for respondent.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of an admonition or public reprimand. He further agrees to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission) within thirty (30) days of the imposition of a sanction and to complete the Legal Ethics and Practice Program Ethics School within six (6) months of the imposition of a sanction. We accept the Agreement and issue a public reprimand. In addition, we order respondent to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission no later than thirty (30) days from the date of this order and to complete the Legal Ethics and Practice Program Ethics School no later than six (6) months from the date of this order. The facts, as set forth in the Agreement, are as follows.

 

### Facts

On June 6, 2012, respondent appeared in the City of Charleston Municipal Court to negotiate the resolution of a Driving under the Influence (DUI) charge on behalf of his client. The prosecution offered to accept a plea to a charge of disregarding a traffic signal. This plea would require either the client's presence in court or an affidavit from the client; the client was not present. Respondent represents he telephoned his client and the client authorized him to sign an affidavit accepting the plea offer.

Respondent asked his office to fax a form affidavit to the Clerk of Court's office. Respondent signed the name of his client, notarized the affidavit, and embossed it with the seal of the Clerk of Court's office. Respondent then submitted the affidavit to the court.

When the court confronted respondent about his actions, he admitted his conduct. Respondent represents he was unaware that it was improper to sign the client's name and then notarize the signature, even with the client's permission. Pursuant to the court's request, respondent subsequently submitted a properly executed affidavit and had his client appear in court to enter a plea in person.

Respondent has since completed a continuing legal education course entitled "Notary Public Law" offered by the South Carolina Bar.

### Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 3.3 (lawyer shall not knowingly make a false statement of fact to a tribunal); Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct); and Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

### Conclusion

We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct. Within thirty (30) days of the date of this order, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission and he shall complete the Legal Ethics and Practice Program Ethics School no later than six (6) months from the date of this order.

**PUBLIC REPRIMAND.**